IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TONY K. MCDONALD, JOSHUA B. HAMMER, and MARK S. PULLIAM,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOE K. LONGLEY, et al.,<br><br>*Defendants*. | Case No. 1:19-cv-219-LY |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE RESPONSES TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

The Texas Bar is violating Plaintiffs' First Amendment rights by forcing them to associate with and fund an organization that engages in widespread political and ideological activities that sweep far beyond any regulatory and disciplinary functions. *See* ECF No. 5, 6. To stop this ongoing harm, Plaintiffs sought a preliminary injunction and simultaneously moved for partial summary judgment so that the Court would not have to decide similar legal questions twice.

Defendants (the "Bar") now request a considerable delay in these proceedings. Instead of the normal 7 days for a preliminary injunction response and 14 days for a summary judgment response, the Bar seeks 49 days to respond to both motions. This is a 42-day extension for their preliminary injunction response and a 35-day extension for their summary judgment response. In the face of ongoing First Amendments harms, such a lengthy delay is inappropriate. *See Texans for Free Enter. v.*

1

*Texas Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013) ("We have repeatedly held ... that 'the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury.'").  In an effort at compromise, Plaintiffs would consent to a schedule extending the response deadline for both motions to April 15, which is 21 days from the initial filings. But, for the reasons set forth below, Plaintiffs strongly oppose the lengthy extensions of more than a month that the Bar is currently seeking.[1]

**First**, the Bar asserts that delay is necessary so that its Board of Directors can meet and consider the litigation. Mot. 3. But the Bar does not get a free pass to continue violating Plaintiffs' First Amendment rights until its next regularly scheduled board meeting. To the extent the Bar believes its Board should meet before proceeding with this litigation, it can do so immediately. The Bar's *Board of Directors Policy Manual* specifically permits the calling of "emergency meetings of the Board to consider a matter deemed an emergency or when there is an urgent public necessity as defined by the Texas Open Meetings Act." ECF No. 5, Ex. EE, § 1.12.05. That Act permits an emergency meeting any time "a reasonably unforeseeable situation" arises. Tex. Gov't Code § 551.045(b)(2).  A major First Amendment lawsuit certainly seems to qualify.

Moreover, the Bar's underlying argument that its Board needs to meet to determine "how to respond," *see* Mot. 3, to Plaintiffs' motions is unpersuasive. The Bar has consistently and forcefully defended the constitutionality of *all* its policies. Indeed, as recently as February 20, 2019, the Bar—represented by the same counsel representing it in this case—sent a 20-page, single-spaced letter brief

---

[1] Plaintiffs' counsel conferred with Defendants' counsel on a possible schedule before moving for preliminary injunctive relief and partial summary judgment. Contrary to the assertions in Defendants' Motion for Extension, however, Defendants never agreed to *any* expedition of the briefing schedule. To the contrary, they insisted that "any deadlines for defendants' briefing on dispositive motions should be no earlier than the May 13 deadline for defendants' answer."

to the Texas Attorney General that defended the Bar's policies and addressed many of the precise issues raised in this case. *See* ECF No. 5, Ex. DD, 8-14.

**Second**, the Bar argues it will be harmed by an adverse ruling because "half of [its] annual revenue comes from membership fees." Mot. 4. But the Bar's fear that it will lose on the merits is not an adequate basis for delay. Quite the opposite. A government organization has no right to violate the Constitution and is therefore not harmed by an injunction that stops it from "violat[ing] ... First Amendment rights." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 867 (7th Cir. 2006); *see Texans for Free Enter.*, 732 F.3d at 539. Likewise, the Bar's concern that "providing ... an injunction to Plaintiffs could encourage others to seek similar relief," Mot. 4, is irrelevant to the schedule for adjudicating this case. In all events, the Bar's arguments are both troubling and revealing. If most of the Bar's members support its non-regulatory activities, then those members should be happy to voluntarily join the Bar and continue funding its activities even if Plaintiffs prevail in this case; it is only if many Bar members are being coerced into supporting activities with which they disagree that the Bar might face a hit to its revenue. But the latter scenario would only underscore both the First Amendment violation and the need for a prompt remedy from this Court. And to the extent the Bar is concerned about *too many* of its members coming forward to vindicate their First Amendment rights, that also counsels in favor of an expeditious resolution of this case, not a lengthy delay of the briefing schedule.

**Third**, the Bar argues that Plaintiffs face no harm from delayed briefing. But whenever the government compels speech or association, significant "damage is done." *Janus v. AFSCME*, 138 S. Ct. 2448, 2464 (2018). The Supreme Court has made clear that associations "cannot be allowed to commit dissenters' funds to improper uses *even temporarily*." *Knox v. Services Emps. Int'l Union*, 567 U.S. 298, 321 (2012) (emphasis added). Here, the harm to Plaintiffs' associational rights is severe and ongoing. Plaintiffs are compelled to join and remain associated with an organization that engages in widespread non-regulatory political and ideological activities with which they disagree. The Bar continues to spend

Plaintiffs' previously-paid dues, and has refused to allow Plaintiffs to withhold their 2019 dues during the pendency of this action. While the Bar insists that Plaintiffs face no harm until August 31—the date on which Plaintiffs will be suspended from the practice of law for failure to pay dues—this flatly ignores the associational harms at issue. It also ignores the fact that the deadline to pay dues is actually June 1. *See* ECF No. 5, Ex. A ("Dues and fees shall be payable on the 1st day of the State Bar's fiscal year."); Ex. EE ("'Fiscal Year' means June 1 through May 31."). While Plaintiffs might not face sanctions for several months, they will be in violation of Bar policy immediately. The Bar's attempt to delay adjudication past June 1 is a transparent bid to collect one more cycle of coerced dues before its policies are declared unconstitutional.

**Fourth**, the Bar argues that delayed briefing is appropriate because Plaintiffs filed suit eight months after *Janus* was decided. Mot. 4-5. But the Bar fails to explain why the timing of Plaintiffs' suit in relation to *Janus* ought to have any bearing on the briefing schedule in this case, and they cite no authority for the odd proposition that plaintiffs must initiate litigation within a certain amount of time after an intervening Supreme Court decision. In all events, Plaintiffs have acted with appropriate diligence. Plaintiffs filed their Complaint less than one week after the Bar published its 2019-2020 budget in the March edition of *Texas Bar Journal*, and roughly three months before the June 1 dues deadline. *See* ECF No. 5, Ex. K. The Bar's claims of undue delay lack merit.

**Finally**, the Bar cites a single case from an out-of-circuit district court to suggest that summary judgment motions should be approached with "extreme caution" when filed before an answer. Mot. 5. But the Bar fails to note that the district court actually reached the merits of the summary judgment motion in that case, denying it in light of a "genuine issue of fact." *Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030, at *3 (E.D. Va. Oct. 24, 2005). Contrary to the Bar's suggestion, courts frequently decide motions for summary judgment filed before answers. That is because Federal Rule of Procedure 56(b) specifically permits courts to do so: "a party may file a motion for summary

4

judgment *at any time* until 30 days after the close of all discovery." *See also, e.g.*, *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006); *Hanover Ins. Co. v. Superior Labor Services, Inc.*, 2017 WL 3621242, at *3 (E.D. La. 2017).

Filing a motion for partial summary judgment before an answer is especially appropriate in a case like this one where the key questions are legal, not factual, and where the material facts are based on public records and the Bar's own documents. Moreover, especially in light of this Court's heavy docket, simultaneous resolution of a preliminary injunction motion and summary judgment motion would advance judicial economy by allowing the Court to address the key merits issues just once, rather than separately at multiple stages of the case.

## CONCLUSION

Defendants' motion should be denied or, at most, the Court should extend the response deadlines for both the preliminary injunction and summary judgment motions to April 15.

Respectfully submitted,

Dated: March 29, 2019            /s/ *Cameron T. Norris*

William S. Consovoy
Jeffrey M. Harris
Cameron T. Norris
Samuel D. Adkisson
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 29, 2019, I electronically submitted the foregoing document and accompany proposed order to the Clerk of the Court for the U.S. District Court for the Western District of Texas through the Court's CM/ECF system. This system will send electronic notification of this filing to Defendants' attorneys.

March 29, 2019

> */s/ Cameron T. Norris*
> CAMERON T. NORRIS
> *Counsel for Plaintiffs*