**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

TONY K. MCDONALD, JOSHUA B.
HAMMER, and MARK S. PULLIAM,

                   Plaintiffs,

     vs.

JOE K. LONGLEY, et al.,

                   Defendants,

No.  1:19-cv-219-LY

**MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE***

**Scharf-Norton Center for**
**Constitutional Litigation at the**
**GOLDWATER INSTITUTE**
Matthew R. Miller (TX Bar # 24046444)
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Amicus Goldwater Institute*

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule 7.2(b), the Goldwater Institute hereby respectfully moves for leave to appear as *amicus curiae* for the purpose of filing the attached brief in support of the Plaintiffs' motion for preliminary injunction. The Goldwater Institute's legal and policy expertise with regard to mandatory bar association membership enables it to contribute to this Court's consideration of the motion. Counsel for all parties were notified of the Institute's intent to file this brief, and indicated that they consent. Granting this motion would not prejudice any party, and the accompanying brief complies with all applicable rules.

## I.     Identity and interest of *amicus curiae.*

The Goldwater Institute was established in 1988 as a nonpartisan public policy and research foundation dedicated to advancing the principles of limited government, economic freedom, and individual responsibility through litigation, research, policy briefings and advocacy. Through its Scharf–Norton Center for Constitutional Litigation, the Institute litigates cases and files *amicus* briefs when its or its clients' objectives are directly implicated.

Among the Institute's principal goals is defending the right of freedom of association and freedom of speech against compulsory membership in state bar associations. Toward that goal, the Goldwater Institute is currently representing the plaintiffs in *Fleck v. Wetch*, No. 16-1564 (8th Cir., pending), *Crowe v. Oregon State Bar*, No. 3:18-cv-02139-JR (D. Or., filed Dec. 13, 2018), and *Schell v. Williams,* No. CIV-19-281-C (W.D. Okla., filed Mar. 26, 2019). The Institute has also filed a comment in Opinion Request 48487, currently pending before the Opinion Committee of the Attorney General's office, involving the constitutionality of Texas' mandatory bar association membership, and has filed a petition asking the Arizona State Bar to abolish its bar association membership requirement, as well. The Goldwater Institute believes its

policy experience and legal expertise will assist this Court in its decision of the Plaintiffs' motion for preliminary injunction.

II.    **Granting the motion to appear as *amicus curiae* would not prejudice any party and would assist in this Court's consideration of the motion.**

This motion is made with the consent of all parties and well in advance of the close of briefing on this motion, so all parties will have sufficient time to address any points raised in the *amicus* brief.

*Amicus curiae* provides a helpful service in "advis[ing] a court upon questions of law or practice arising in a proceeding." *Flinn v. Krotz*, 293 S.W. 625, 626 (Tex. Civ. App.—San Antonio 1927), and when the *amicus* "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," the court should grant leave for an *amicus* to appear. *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

The proposed brief addresses an important point which is touched on only summarily in the Plaintiffs' motion: the fact that the Plaintiffs' associational freedoms are violated by the mandatory membership requirement even aside from whatever expressive, political, or ideological activities that the Bar may engage in.  Although most freedom of association claims are made in conjunction with a plaintiffs' objection to the speech in which an organization engages—as is true here—the freedom of association is a distinct constitutional right, over and above the freedom of speech (or the freedom not to speak).  This Court, therefore, need not examine the nature of the Bar's expressive activities or the amount or degree of them, in order to grant the Plaintiffs the relief they seek—because being compelled to join the Bar is itself an intrusion on their associational rights.  The proposed *amicus* brief examines this matter in detail with citations to support the motion of the plaintiffs.

2

## CONCLUSION

The motion for leave to file should be granted.

**RESPECTFULLY SUBMITTED** this 25th day of April, 2019 by:

/s/ Matthew R. Miller
Matthew R. Miller
**Scharf-Norton Center for Constitutional Litigation
at the GOLDWATER INSTITUTE**

*Attorneys for Amicus Goldwater Institute*

## CERTIFICATE OF SERVICE

Document Electronically Filed and Served by ECF this 25th day of April 2019 to:

| | |
|---|---|
| William S. Consovoy | Thomas S. Leatherbury |
| Jeffrey M. Harris | VINSON & ELKINS |
| Cameron T. Norris | Trammell Crow Center |
| Samuel D. Adkisson | 2001 Ross Ave., Ste. 3900 |
| CONSOVOY McCARTHY PARK PLLC | Dallas, TX 75201 |
| 3033 Wilson Boulevard, Suite 700 | tleatherbury@velaw.com |
| Arlington, VA 22201 | *Counsel for Defendants* |
| cam@consovoymccarthy.com | |
| *Counsel for Plaintiffs* | |

/s/ Matthew R. Miller
Matthew R. Miller