**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| TONY K. MCDONALD, JOSHUA B. HAMMER, and MARK S. PULLIAM,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOE K. LONGLEY, et al.,<br><br>        Defendants. | Civil Action No. 1:19-cv-00219-LY |

**DEFENDANTS' MOTION TO DISMISS**

Joshua S. Johnson (admitted *pro hac vice*)
State Bar No. 24070002
Morgan A. Kelley (admitted *pro hac vice*)
State Bar No. 1617261
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6623
Fax: (202) 879-8934
joshjohnson@velaw.com
mkelley@velaw.com

Thomas S. Leatherbury
State Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue
Suite 3700
Dallas, TX 75201
Tel: (214) 220-7792
Fax: (214) 999-7792
tleatherbury@velaw.com

Patrick W. Mizell
State Bar No. 14233980
Deborah C. Milner
State Bar No. 24065761
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
Tel: (713) 758-2932
Fax: (713) 615-5912
pmizell@velaw.com
cmilner@velaw.com

*Counsel for Defendants*

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

I.      Background ........................................................................................................................ 1

II.     Argument .......................................................................................................................... 2

          A.      This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Count I Claim Under Article III and the Eleventh Amendment .......................................... 3

          B.      At Minimum, The Court Lacks Subject-Matter Jurisdiction to Grant Plaintiffs Relief With Respect to the Legal Services Fee ....................................... 6

III.    Conclusion ........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*Alden v. Maine*,
  527 U.S. 706 (1999) .................................................................................................... 5

*Bishop v. State Bar of Tex.*,
  791 F.2d 435 (5th Cir. 1986) ...................................................................................... 5

*Clark v. Tarrant Cty.*,
  798 F.2d 736 (5th Cir. 1986) ...................................................................................... 3

*Ex parte Young*,
  209 U.S. 123 (1908) ................................................................................................. 5, 6

*Keller v. State Bar of California*,
  496 U.S. 1 (1990) ........................................................................................................ 1

*Lathrop v. Donohue*,
  367 U.S. 820 (1961) .................................................................................................... 1

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................... 4

*Morris v. Livingston*,
  739 F.3d 740 (5th Cir. 2014) ...................................................................................... 5

*Okpalobi v. Foster*,
  244 F.3d 405 (5th Cir. 2001) ................................................................................... 4, 5

*Quern v. Jordan*,
  440 U.S. 332 (1979) .................................................................................................... 5

*Snoeck v. Brussa*,
  153 F.3d 984 (9th Cir. 1998) ...................................................................................... 5

*Touchy v. Hous. Legal Found.*,
  432 S.W.2d 690 (Tex. 1968) ....................................................................................... 4

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ...................................................................................................... 5

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1

Tex. Gov't Code Ann. § 81.002(6) .................................................................................... 4

Tex. Gov't Code Ann. § 81.011(a) .................................................................................... 2

Tex. Gov't Code Ann. § 81.012 ......................................................................................... 2

Tex. Gov't Code Ann. § 81.024(a) .................................................................................... 2

Tex. Gov't Code Ann. § 81.051 ......................................................................................... 3

Tex. Gov't Code Ann. § 81.051(b) .................................................................................... 2

Tex. Gov't Code Ann. § 81.054 .................................................................................... 2, 3
Tex. Gov't Code Ann. § 81.054(c) ................................................................................ 2, 6
Tex. Gov't Code Ann. § 81.054(c)-(d) .......................................................................... 2, 6
Tex. Gov't Code Ann. § 81.054(j) ................................................................................. 1, 6
Tex. Gov't Code Ann. § 81.054(j)-(k) ............................................................................... 2
Tex. Gov't Code Ann. § 81.076 ........................................................................................ 4
Tex. Gov't Code Ann. § 81.076(b) ................................................................................... 4
Tex. Gov't Code Ann. § 81.076(g) ................................................................................... 4
Tex. Gov't Code Ann. § 81.102 ........................................................................................ 3
Tex. Gov't Code Ann. § 81.103-.104 ............................................................................... 4
Tex. Gov't Code Ann. ch. 81 ............................................................................................ 2
Tex. Penal Code Ann. § 38.122-.123 ............................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 1, 2
State Bar R. art. III, § 6 .................................................................................................... 3
Tex. R. Disciplinary P. 4.01-.02 ...................................................................................... 4
Tex. R. Disciplinary P. 5.02-.03 ...................................................................................... 4

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants respectfully move to dismiss this action for lack of subject-matter jurisdiction to the extent that Plaintiffs seek relief barred by Article III standing doctrine or sovereign-immunity principles embodied in the Eleventh Amendment.

Defendants are members of the State Bar of Texas Board of Directors sued only in their official capacities. Asserting violations of 42 U.S.C. § 1983 and seeking declaratory and injunctive relief, Plaintiffs allege that the Texas State Bar Act's requirement that attorneys enroll in, and pay annual fees to, the State Bar violates their First Amendment rights to freedom of association and speech. *See* Compl. ¶¶ 1-4 (Mar. 6, 2019), ECF No. 1. As explained in Defendants' separate summary-judgment briefing, Plaintiffs' claims fail on their merits because they are foreclosed by *Lathrop v. Donohue*, 367 U.S. 820 (1961), and *Keller v. State Bar of California*, 496 U.S. 1 (1990). Under those decisions, the state may constitutionally require attorneys to join the Bar and fund Bar expenditures, as long as those expenditures are germane to the state's interests in regulating the legal profession or improving the quality of legal services in Texas. *See Keller*, 496 U.S. at 13-14.

Plaintiffs, however, also face a threshold barrier: This Court lacks subject-matter jurisdiction over both Plaintiffs' Count I challenge to mandatory Bar membership and Plaintiffs' claims for relief from the $65 legal services fee under Tex. Gov't Code Ann. § 81.054(j). Defendants neither imposed nor enforce the requirements that Plaintiffs enroll and maintain membership in the State Bar and pay the legal services fee. Therefore, Plaintiffs' Count I claim and their challenge to the legal services fee run afoul of Article III standing rules and sovereign-immunity principles.

**I.    BACKGROUND**

The Texas legislature established the State Bar of Texas as "a public corporation and an

1

administrative agency of the judicial department of government." Tex. Gov't Code Ann. § 81.011(a). The Bar is governed by the State Bar Act (Tex. Gov't Code Ann. ch. 81), rules promulgated by the Texas Supreme Court, *id.* § 81.024(a), and the State Bar Board of Directors Policy Manual ("Policy Manual"), *see* Pls.' Mot. for Summ. J., Ex. EE (Mar. 25, 2019), ECF No. 6-32. The Bar's statutory purposes include, among other things, "aid[ing] the courts in carrying on and improving the administration of justice," "advanc[ing] the quality of legal services," and fostering "high ideals and integrity, learning, competence in public service, and high standards of conduct" among Texas lawyers. Tex. Gov't Code Ann. § 81.012.

The Texas State Bar is a "mandatory" or "integrated" bar. All attorneys licensed to practice in Texas must become Bar members and pay annual membership fees. *Id.* §§ 81.051(b), 81.054. The annual membership fees are currently $68 for active members licensed less than 3 years; $148 for active members licensed between 3 and 5 years; $235 for active members licensed for at least 5 years; and $50 for inactive members. Policy Manual § 3.01.01.

Non-exempt Texas lawyers must also pay a $65 annual legal services fee. Tex. Gov't Code Ann. § 81.054(c)-(d), (j)-(k). The Bar does not receive or control that fee. *Id.* § 81.054(c)-(d). Instead, the Texas Supreme Court distributes the legal services fees to the Comptroller, who allocates half to the Supreme Court Judicial Fund to fund civil legal services for the indigent, and the other half to the Fair Defense Account of the state's general revenue fund for indigent criminal defense programs. *Id.* § 81.054(c).

## II.  ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(1), "[c]ourts may dismiss [a claim] for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986). Here, the facts relevant to Defendants' motion to dismiss are undisputed.

### A. This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Count I Claim Under Article III and the Eleventh Amendment

Under both Article III's "case or controversy" requirement and the sovereign-immunity principles embodied in the Eleventh Amendment, this Court lacks subject-matter jurisdiction over Plaintiffs' Count I challenge to mandatory Bar membership because Defendants—the voting members of the Bar's Board of Directors—neither imposed nor enforce the requirement that Plaintiffs enroll and maintain membership in the State Bar. In Count I, Plaintiffs seek declaratory and injunctive relief against the enforcement of the requirement that they "join" and "financially support the State Bar as a precondition" to practicing law in Texas. Compl. ¶ 47. But the requirement that Plaintiffs enroll in, and pay annual membership fees to, the State Bar is imposed not by Defendants, but by the State Bar Act. *See* Tex. Gov't Code Ann. §§ 81.051, 81.054, 81.102. Defendants also are not responsible for the suspension of Plaintiffs' law licenses that would occur if they were to persist in not paying their annual fees. The suspension would happen *automatically* if Plaintiffs failed to pay the required fees within 60 days after the clerk of the Texas Supreme Court mailed a notice of default. State Bar R. art. III, § 6.[1] And the decision whether to pursue disciplinary proceedings against Plaintiffs if they were to practice law while suspended would lie not with Defendants, but with Texas's Chief Disciplinary Counsel—who on "disciplinary … matters … is accountable only to" the Commission for Lawyer Discipline, a statutorily established

---

[1] Article III, § 6 of the State Bar Rules provides: "If a member is in default of payment of membership fees or any assessment levied by the Court on the 30th day after the due date, the clerk will promptly notify the member of the default. If the fees and assessments are not paid within 60 days after the notice of default is mailed, the defaulting member will automatically be suspended from the practice of law. Practicing law while suspended is professional misconduct and grounds for discipline."

standing committee of the Bar that is separate from, and not subject to direct control by, the Bar Board. Tex. R. Disciplinary P. 5.02-.03; *see also* Tex. Gov't Code Ann. §§ 81.002(6), 81.076.[2]

Under these circumstances, Plaintiffs lack Article III standing to pursue their Count I claim against Defendants. To establish Article III standing, Plaintiffs bear the burden of demonstrating (1) an "injury in fact," (2) that the injury is "fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court," and (3) that the injury is likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). Plaintiffs have failed to satisfy the second and third requirements of the test for standing. Defendants do not "play a causal role in the plaintiffs' [alleged] injury" and "have no power to redress the asserted injuries" because they cannot prevent the automatic suspension of Plaintiffs' law licenses under the State Bar Rules, nor can they prevent any disciplinary action or other legal action that might result if Plaintiffs continued to practice law after the suspension of their licenses. *Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001) (en banc) ("[A] state official cannot be enjoined to act in any way that is beyond his authority to act in the first place."); *see also supra* pp. 3-4 & note 2.

---

[2] The Commission for Lawyer Discipline is "a standing committee of the state bar" composed of six attorney members appointed by the State Bar's President and six non-attorney members appointed by the Texas Supreme Court. Tex. Gov't Code Ann. § 81.076(b); *see also* Tex. R. Disciplinary P. 4.01-.02. With the "advice and consent" of the Bar Board of Directors, the Commission selects the Chief Disciplinary Counsel, who "serve[s] as administrator of the state bar's grievance procedure as provided by the Texas Rules of Disciplinary Procedure." Tex. Gov't Code Ann. § 81.076(g). In addition to a disciplinary proceeding prosecuted by the Chief Disciplinary Counsel, Plaintiffs' practice of law while suspended could prompt a lawsuit by the Unauthorized Practice of Law Committee, whose members are appointed by the Texas Supreme Court, or by private parties seeking to enjoin Plaintiffs' activities. *See id.* §§ 81.103-.104; *Touchy v. Hous. Legal Found.*, 432 S.W.2d 690, 694 (Tex. 1968). It could also result in criminal prosecution. *See* Tex. Penal Code Ann. §§ 38.122-.123.

For substantially the same reasons, the sovereign-immunity principles embodied in the Eleventh Amendment bar Plaintiffs' Count I claim against Defendants. *See Alden v. Maine*, 527 U.S. 706, 713, 728 (1999) ("Eleventh Amendment immunity" is "convenient shorthand" for states' sovereign immunity from suit, which "derives not from the Eleventh Amendment but from the structure of the original Constitution itself"). As members of the State Bar Board of Directors sued only in their official capacities, Defendants are immune from suit in federal court unless Plaintiffs' claims fall within the *Ex parte Young*, 209 U.S. 123, 155-56 (1908), exception authorizing equitable relief against state officials' threatened enforcement of unconstitutional state laws. *See Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986) (Texas State Bar "is a state agency" entitled to Eleventh Amendment immunity); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (addressing application of *Ex parte Young* in § 1983 suits); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) (§ 1983 does not "override the traditional sovereign immunity of the States"). For the *Ex parte Young* exception to apply, Plaintiffs would have to establish that Defendants have "the particular duty to enforce the [state laws] in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quoting *Okpalobi*, 244 F.3d at 416 (plurality op.)); *see also Snoeck v. Brussa*, 153 F.3d 984, 987-88 (9th Cir. 1998) (Eleventh Amendment barred suit against members of the Nevada Commission on Judicial Discipline where the Nevada Supreme Court had plenary power to amend and enforce allegedly unconstitutional rule at issue).

That requirement is not satisfied here. As explained above, Defendants—the voting members of the State Bar Board of Directors sued only in their official capacities—are not responsible for enforcing the statutory mandate that Plaintiffs enroll in, and pay annual membership fees to, the State Bar. Accordingly, the *Ex parte Young* exception to sovereign

immunity does not apply, so the Eleventh Amendment and sovereign-immunity principles mandate dismissal of Plaintiffs' Count I claim against Defendants.

### B. At Minimum, The Court Lacks Subject-Matter Jurisdiction to Grant Plaintiffs Relief With Respect to the Legal Services Fee

Plaintiffs also challenge the $65 legal services fee required under Tex. Gov't Code Ann. § 81.054(j).[3]  *See* Compl. ¶¶ 3, 31-32, 38, 57, 71, 73(B).  At minimum, the Article III and sovereign-immunity principles discussed above deprive this Court of subject-matter jurisdiction to grant Plaintiffs relief with respect to the legal services fee.  Defendants are not responsible for the imposition or enforcement of the requirement that Plaintiffs pay that fee.  The Texas legislature imposed the fee in the State Bar Act.  *See* Tex. Gov't Code Ann. § 81.054(j).  Attorneys pay the fee to the clerk of the Texas Supreme Court.  *See id.* § 81.054(c).  Upon order of the Supreme Court, the clerk remits legal services fees to the Comptroller.  *See id.*  The Comptroller then credits half of the fees to the Supreme Court Judicial Fund for indigent civil legal services, and the other half of the fees to the general revenue fund's Fair Defense Account for indigent criminal defense programs.  *See id.*  The Bar does not receive or control legal services fees.  *See id.* § 81.054(c)-(d).  And as with membership fees, Defendants—the voting members of the Bar's Board of Directors—are not responsible for taking enforcement actions against attorneys who fail to pay the legal services fee.

Therefore, this Court lacks Article III jurisdiction to grant Plaintiffs relief with respect to the legal services fee because Defendants are not the cause of, and lack the power to redress, any injury Plaintiffs claim from that fee.  Similarly, the *Ex parte Young* exception to sovereign

---

[3] It appears that only Plaintiff Tony K. McDonald could plausibly have standing to challenge the $65 legal services fee because he is the only one of the three Plaintiffs who claims to have paid the fee.  *See* Compl. ¶¶ 40, 57; *see also* McDonald Decl. ¶ 3, ECF No. 6-33.

immunity does not apply because Defendants are not responsible for enforcing the statutory requirement that Plaintiffs pay the legal services fee.

## III.   CONCLUSION

The Court should dismiss this action to the extent that Plaintiffs seek relief barred by Article III standing doctrine or sovereign-immunity principles.

Dated: May 13, 2019

Joshua S. Johnson (admitted *pro hac vice*)
State Bar No. 24070002
Morgan A. Kelley (admitted *pro hac vice*)
State Bar No. 1617261
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6623
Fax: (202) 879-8934
joshjohnson@velaw.com
mkelley@velaw.com

Respectfully submitted,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
State Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue
Suite 3700
Dallas, TX 75201
Tel: (214) 220-7792
Fax: (214) 999-7792
tleatherbury@velaw.com

Patrick W. Mizell
State Bar No. 14233980
Deborah C. Milner
State Bar No. 24065761
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
Tel: (713) 758-2932
Fax: (713) 615-5912
pmizell@velaw.com
cmilner@velaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 13, 2019, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the Western District of Texas by using the Court's CM/ECF system, which will send notification of such filing to the following:

William S. Consovoy
Jeffrey M. Harris
Cameron T. Norris
Samuel D. Adkisson
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
Fax: (703) 243-9423
will@consovoymccarthy.com

*Counsel for Plaintiffs Tony K. McDonald, Joshua B. Hammer, and Mark S. Pulliam*

Dated: May 13, 2019                    */s/ Thomas S. Leatherbury*
                                        Thomas S. Leatherbury
                                        *Counsel for Defendants*