UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TONY K. MCDONALD, JOSHUA B. HAMMER, and MARK S. PULLIAM,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOE K. LONGLEY, et al.,<br><br>        Defendants. | Civil Action No. 1:19-cv-00219-LY |

**SUPPLEMENT TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

After Defendants filed their May 13, 2019 Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 36), Plaintiffs' counsel sent an email to Defendants' counsel on May 16 containing the following request:

> The Bar's website states that dues "shall be payable" on the first day of the Bar's fiscal year, which is June 1st. The Bar's opposition to our preliminary injunction motion nonetheless states (at 9) that the plaintiffs "can wait until August 31, 2019, to pay their 2019-2020 Bar fees without incurring any negative consequences." Can you please confirm that even if the plaintiffs do not pay their dues by June 1st: (1) there will be no change whatsoever in their status as members of the Bar, and they will remain members in good standing without qualification; (2) the dues payments will not be treated as late or delinquent on any public-facing materials such as the Bar's online lawyer directory; and (3) the fact that the plaintiffs have not paid their dues by June 1st will not be treated (internally or externally) as an infraction or violation of the Bar's rules.

As the email indicates, Defendants' preliminary-injunction opposition stated on page 9: "Plaintiffs face no immediate threat of irreparable injury because they can wait until August 31, 2019, to pay their 2019-2020 Bar fees without incurring any negative consequences." Other filings from Defendants contained similar statements.

Plaintiffs' filings focused on the inability to practice law in Texas or the threat of not being able to return to the active practice of law. *See, e.g.*, Compl. ¶¶ 8-9, 41, 43, 45 (Mar. 6, 2019),

1

ECF No. 1.  Defendants' statement referred to the fact that Plaintiffs' non-payment of State Bar fees will not result in their suspension from the practice of law or the imposition of late fees until August 31, 2019.  *See* State Bar of Texas Dues Schedule, http://bit.ly/30xT69J ("If dues are received after August 31 of any fiscal year, the member is suspended and must pay a 50% penalty to reinstate their license.  If dues are received after November 30 of any fiscal year, the suspended member must pay a 100% penalty to reinstate their license."); State Bar R. art. III, § 6 ("If a member is in default of payment of membership fees or any assessment levied by the Court on the 30th day after the due date, the clerk will promptly notify the member of the default.  If the fees and assessments are not paid within 60 days after the notice of default is mailed, the defaulting member will automatically be suspended from the practice of law.").  In addition, the State Bar will not note Plaintiffs' non-payment of their Bar fees on its public online lawyer directory during the period of June 1, 2019, to August 31, 2019.

There is, however, no clear authority on whether Plaintiffs would be considered "in good standing" under Article I of the State Bar Rules during that period.  Texas attorneys may order certificates of good standing from the Supreme Court of Texas or from the Office of Chief Disciplinary Counsel through the State Bar's website.  The website is programmed not to accept requests for certificates of good standing from attorneys who have not paid their Bar fees by June 30, 2019.  If Plaintiffs needed to obtain a certificate of good standing after June 30 and still had not paid their Bar fees, they would need to directly contact the Texas Supreme Court clerk's office or the Office of Chief Disciplinary Counsel to inquire whether the offices would issue the certificates despite Plaintiffs' non-payment of fees.

Given the nature of Plaintiff Tony K. McDonald's and Plaintiff Joshua B. Hammer's law practices, and that Plaintiff Mark S. Pulliam "does not currently practice law," Compl. ¶¶ 40, 42,

44, it does not appear likely that Plaintiffs will be negatively affected as long as they pay their Bar fees by August 31, 2019. Defendants, however, submit this supplemental brief to the Court to clarify their prior statements and to avoid any misunderstanding.

Dated: May 22, 2019

Respectfully submitted,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
State Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue
Suite 3700
Dallas, TX 75201
Tel: (214) 220-7792
Fax: (214) 999-7792
tleatherbury@velaw.com

Joshua S. Johnson (admitted *pro hac vice*)
State Bar No. 24070002
Morgan A. Kelley (admitted *pro hac vice*)
State Bar No. 1617261
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6623
Fax: (202) 879-8934
joshjohnson@velaw.com
mkelley@velaw.com

Patrick W. Mizell
State Bar No. 14233980
Deborah C. Milner
State Bar No. 24065761
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
Tel: (713) 758-2932
Fax: (713) 615-5912
pmizell@velaw.com
cmilner@velaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 22, 2019, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the Western District of Texas by using the Court's CM/ECF system, which will send notification of such filing to the following:

William S. Consovoy
Jeffrey M. Harris
Cameron T. Norris
Samuel D. Adkisson
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
Fax: (703) 243-9423
will@consovoymccarthy.com
*Counsel for Plaintiffs Tony K. McDonald, Joshua B. Hammer, and Mark S. Pulliam*

Cynthia A. Morales
Office of the Attorney General
P.O. Box 12548, Mail Code 009
Austin, TX 78711
Tel: (512) 936-1414
cynthia.morales@oag.texas.gov
*Counsel for Amicus Curiae Texas Attorney General Ken Paxton*

Matthew R. Miller
Goldwater Institute
500 E. Coronado Rd.
Phoenix, AZ 85004-1543
Tel: (602) 462-500
litigation@goldwaterinstitute.org
*Counsel for Amicus Curiae Goldwater Institute*

Jason M. Panzer
Lauren B. Ross
Herring & Panzer, LLP
1411 West Avenue, Suite 100
Austin, TX 78701
Tel: (512) 320-0665
Fax: (512) 519-7580
jason@herringpanzer.com
*Counsel for Amicus Curiae Texas Legal Ethics Counsel*

Charles "Chad" Baruch
Randy Johnston
Johnston Tobey Baruch, P.C.
P.O. Box 215
Addison, TX 75001
Tel: (214) 741-6260
Fax: (214) 741-6248
chad@jtlaw.com
*Counsel for Amici Curiae Former Presidents of the State Bar of Texas et al.*

Macey Reasoner Stokes
J. Mark Little
910 Louisiana Street
Houston, TX 77002
Tel: (713) 229-1369
Fax: (713) 229-7869
macey.stokes@bakerbotts.com
*Counsel for Amicus Curiae Texas Access to Justice Commission*

Dated: May 22, 2019

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
*Counsel for Defendants*