IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TONY K. MCDONALD, JOSHUA B. HAMMER, and MARK S. PULLIAM, <br>                             *Plaintiff*, <br> v. <br> JOE K. LONGLEY, et al. , <br>                             *Defendants*. | Case No. 1:19-cv-219-LY |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss (ECF No. 34). That Motion, filed on behalf of the Members of the Bar's Board of Directors ("Defendants"), seeks dismissal of Count I of Plaintiffs' Complaint and a portion of Count II. The Bar argues that the Court lacks jurisdiction to hear these claims under Article III and the Eleventh Amendment. These arguments are incorrect, as the Court can grant full relief through the existing Defendants. To remove all doubt, however, Plaintiffs are contemporaneously filing an Amended Complaint that adds the Bar's Chief Disciplinary Counsel and Commission for Lawyer Discipline as defendants. The addition of these parties fully resolves the objections in Defendants' Motion to Dismiss, and the Motion should accordingly be denied.

    **I.**    **Background**

On May 13, Defendants filed a Motion to Dismiss (ECF No. 34). That motion asks the Court to dismiss Count I and a small portion of Count II of Plaintiffs' Complaint. Count I involves Plaintiffs' challenge to compelled membership in the Bar. The contested portion of Count II involves Plaintiffs' challenge to the State's $65 legal services fee. *See* ECF No. 1, ¶¶ 46-50, 57-59. Defendants do not

1

dispute that the Court has jurisdiction to hear all remaining claims in this case—including Plaintiffs' challenge to coerced financial support for the Bar's extensive political and ideological activities. *See* Mot. 1. Defendants likewise do not dispute that they are the proper parties against whom Plaintiffs should pursue those claims. *Id.*

In their Motion, Defendants principally argue that the Court lacks jurisdiction under "Article III's 'case or controversy' requirement and the sovereign-immunity principles embodied in the Eleventh Amendment" because the Bar's Board of Directors does not "enforce the requirement that Plaintiffs enroll and maintain membership in the State Bar" or "the requirement that Plaintiffs pay [the legal services] fee." Mot. 3, 6. As explained below, those arguments are misplaced. The Court can grant full relief through the originally named parties.

## II. Defendants' Jurisdictional Arguments Would Be Unavailing Even If Plaintiffs Had Not Filed An Amended Complaint Adding Additional Defendants.

For a state officer to be a proper defendant for purposes of Article III, he or she need only play some "causal role in the plaintiffs' injury" and have the power to take some action to "redress [the] actual or threatened injury." *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001). And, "to avoid an Eleventh Amendment bar by means of *Ex parte Young*, 'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Cantu Services, Inc. v. Roberie*, 535 Fed. Appx. 342, 344-45 (5th Cir. 2013) (quoting *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011)); *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (same). Plaintiffs satisfy both requirements with respect to Count I and the legal services fee.

*First*, the Court would have jurisdiction to hear Plaintiffs' challenge to compulsory Bar membership even if the Members of the Bar's Board (the existing parties) were the only defendants. The State Bar Rules—adopted by the Texas Supreme Court and relied on by Defendants in their briefing—provide that "[t]he State Bar shall be governed by a board which *shall enforce* the [State Bar]

Act and these Rules." Tex. State Bar R. Art. IV, § 1(A) (emphasis added). Since the State Bar Act compels mandatory membership, Tex. Gov't Code § 81.051(b), and the Bar Rules empower the Board to enforce all aspects of the Act, the Board clearly has enforcement power with respect to coerced membership. Moreover, the Board regulates countless aspects of compelled membership such as the collection of dues and late fees, Tex. Gov't Code § 81.054(e)-(i); funds the Commission on Lawyer Discipline, § 81.076(f); and must approve nominees appointed to serve as the Bar's Chief Disciplinary Counsel, § 81.076(g).

Accordingly, Plaintiffs easily satisfy the requirements of Article III standing for Count I. The Board injures Plaintiffs by enforcing its coerced membership regime. It does so by imposing dues and late fees, and by providing financial and administrative support to the Chief Disciplinary Counsel and Commission for Lawyer Discipline. Enjoining the Board from engaging in these activities would redress Plaintiffs' injury. Plaintiffs also satisfy the Eleventh Amendment because they allege a violation of federal law (the First Amendment and § 1983) and seek prospective relief (an injunction and a declaratory judgment). *Va. Office for Prot. & Advocacy*, 563 U.S. at 255-56.

*Second*, the Court would have jurisdiction to hear Plaintiffs' challenge to the Texas legal services fee even if Members of the Bar's Board were the only defendants. Contrary to the Bar's assertion that it plays no role in collecting legal services fees, Mot. 2, the Bar requires Texas attorneys to pay the legal services fee through its website. *See* State Bar, *How To Make Online Payments*, http://bit.ly/2EwCRjV (accessed May 27, 2019).  As the State Bar's website explains: "Attorneys must pay the legal services fee of $65 annually," and "to avoid penalties, all dues, and fees must be received *in our office* by June 1." State Bar, *Legal Services Fee*, http://bit.ly/2wqehgb (accessed May 28, 2019) (emphasis added). If the Bar receives an attorney's legal service fee "after August 31 of any fiscal year, the member is suspended." *Id.* And if an attorney wants to claim a statutorily-permitted exemption from the fee, he or she must file a form with the Bar's Membership Department or use the Bar's

3

online dues payment portal. *Id.*

The existing Defendants therefore play a "causal role" in Plaintiffs' injury by collecting and administering the unconstitutional legal services fee. *Okpalobi*, 244 F.3d at 426. An injunction prohibiting the Bar from doing so would redress this injury. *Id.* And there is no Eleventh Amendment bar because Plaintiffs squarely allege a violation of the First Amendment and § 1983, and seek prospective relief in the form of an injunction and a declaratory judgment. *Va. Office for Prot. & Advocacy*, 563 U.S. at 255-56. The Court would thus have jurisdiction to resolve Plaintiffs' legal services fee challenge even if the Board Members remained the only Defendants.

### III. Plaintiffs' Amended Complaint Removes All Doubt About Whether The Court Has Jurisdiction.

To prevent needless distractions and to simplify the resolution of this dispute, Plaintiffs are contemporaneously filing an Amended Complaint. The Amended Complaint adds several additional parties suggested by Defendants' Motion to Dismiss (at 3-4), including the Bar's Chief Disciplinary Counsel and Members of the Bar's Commission on Lawyer Discipline. *See* Amended Complaint ¶¶ 16-20. These amendments eliminate any doubt that the Court has jurisdiction to hear all of Plaintiffs' claims and can grant full relief, even under Defendants' incorrect interpretation of the law.

The inclusion of these additional parties fully addresses Defendants' arguments for dismissal on both Count I and Plaintiffs' challenge to the legal services fee. *See Olivas v. Four Unknown United States Marshals*, EP-17-CV-278-PRM, 2018 WL 1899738, at *1 (W.D. Tex. 2018). The Members of the Board of Directors sought dismissal on the basis that they have no "enforcement" role with respect to mandatory membership or the legal services fee. Mot. 3-6. In the Board's view, the Chief Disciplinary Counsel and perhaps the Commission for Lawyer Discipline are responsible for doing so. *Id.*

As Defendants explain in their Motion to Dismiss, "the decision whether to pursue disciplinary proceedings against Plaintiffs" for failing to associate with the bar or pay the required fees

4

"would lie ... with Texas's Chief Disciplinary Counsel." Mot. 3, 6. And, as Defendants understand Texas law, the Chief Disciplinary Counsel "is accountable only to the Commission on Lawyer Discipline." *Id.* (citation omitted). Indeed, the Board acknowledges that if Plaintiffs chose to practice law while suspended for failing to associate with the Bar or pay the legal services fee, they could be subject to "disciplinary proceeding[s] prosecuted by the Chief Disciplinary Counsel." Mot. 4 n.2; *see also* ECF No. 35, Apffel Decl. ¶¶ 25-26.

Thus, even under the Bar's erroneous view of the law, Plaintiffs have fully addressed Defendants' Motion to Dismiss by adding the Bar's Chief Disciplinary Counsel and the Members of the Commission for Lawyer Discipline as defendants.

### IV.     Conclusion

Because Defendants' Motion to Dismiss (ECF No. 34) fails as a matter of law and has been fully addressed by Plaintiffs' Amended Complaint, the Court should deny the motion.

Respectfully submitted,

Dated: May 31, 2019              */s/ Cameron T. Norris*

William S. Consovoy
Jeffrey M. Harris
Cameron T. Norris
Samuel D. Adkisson
CONSOVOY MCCARTHY PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2019, I electronically filed the foregoing response with the Clerk of the Court for the U.S. District Court for the Western District of Texas by using the Court's CM/ECF system, which will send notification of the filing to the following:

| | |
|---|---|
| Thomas S. Leatherbury<br>VINSON & ELKINS LLP<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX 75201<br>tleatherbury@velaw.com | Patrick W. Mizell<br>Deborah C. Milner<br>VINSON & ELKINS LLP<br>1001 Fannin Street, Suite 2500<br>Houston, TX 77002<br>pmizell@velaw.com<br>cmilner@velaw.com |
| Joshua S. Johnson<br>Morgan A. Kelley<br>VINSON & ELKINS LLP<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, DC 20037<br>joshjohnson@velaw.com<br>mkelley@velaw.com | |

*Counsel for Defendants*

May 31, 2019

> */s/ Cameron T. Norris*
> CAMERON T. NORRIS
> *Counsel for Plaintiffs*