IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TONY K. MCDONALD, JOSHUA B. HAMMER, and MARK S. PULLIAM, *Plaintiffs*, v. RANDALL O. SORRELS, et al., *Defendants*. | Case No. 1:19-cv-219-LY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

The Eighth Circuit's post-GVR decision in *Fleck v. Wetch*, No. 16-1564 (Aug. 30, 2019), does not help the Texas Bar here.

Like Plaintiffs here, Fleck argued that compelled association with a bar that engages in political and ideological activities violates the First Amendment. But the Eighth Circuit did not consider this argument because Fleck failed to raise it in the district court. *See* slip op. at 5-7. Plaintiffs, of course, have raised this argument at every stage of this case. And contrary to Defendants' misleading quotation, *see* Doc. 90 at 1, the Eighth Circuit did not say that *Keller* foreclosed this freedom-of-association claim. Precisely the opposite: "It may well be," the Eighth Circuit explained, "that *Keller* and *Lathrop* did not consider, and therefore did not foreclose, [Fleck's] First Amendment associational claim. It may also be that *Janus* confirms that this issue would now be decided under a more rigorous exacting scrutiny standard than the Court may have applied in *Keller* and *Lathrop*." *Id.* at 7. These open questions—which the Eighth Circuit "decline[d] to consider," *id.*—are now squarely before this Court.

1

Also like Plaintiffs here, Fleck argued that the North Dakota Bar forced him to pay for activities that are not germane to the regulation of attorneys. But the Eighth Circuit did not consider this claim on the merits because Fleck had "settled" it. *Id.* at 4.

Finally, like Plaintiffs here, Fleck challenged the constitutionality of the bar's procedures for collecting fees that are not chargeable to objectors. But the North Dakota Bar's procedures do not resemble the Texas Bar's. Unlike Texas, North Dakota "does not have an online system for collecting dues and fees and does not even accept credit card payments. Each member must determine how much he or she owes in annual dues and then write a check to [the bar] to pay that amount." *Id.* at 9. Moreover, the Eighth Circuit's holding turned largely on case-specific considerations, most notably the fact that Fleck had affirmatively consented to the challenged procedures as part of a previous settlement, which was "strong evidence" that those procedures were not unconstitutional. *Id.* at 10.

|  |  |
|---|---|
| Dated: September 4, 2019 | Respectfully submitted,<br><br>*/s/ Cameron T. Norris*<br><br>William S. Consovoy (VA 47704)<br>Jeffrey M. Harris (VA 93883)<br>Cameron T. Norris (VA 91624)<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Boulevard, Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br><br>*Counsel for Plaintiffs* |

2

## CERTIFICATE OF SERVICE

I certify that on September 4, 2019, I filed the foregoing with the Clerk of this Court via CM/ECF, which will notify the following:

Thomas S. Leatherbury
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
tleatherbury@velaw.com

Joshua S. Johnson
Morgan A. Kelley
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
joshjohnson@velaw.com
mkelley@velaw.com

Patrick W. Mizell
Deborah C. Milner
Vinson & Elkins LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
pmizell@velaw.com
cmilner@velaw.com

*Counsel for Defendants*

Cynthia A. Morales
Office of the Attorney General
P.O. Box 12548, Mail Code 009
Austin, TX 78711
Tel: (512) 936-1414
cynthia.morales@oag.texas.gov

*Counsel for Amicus Curiae Texas Attorney General Ken Paxton*

Matthew R. Miller
Goldwater Institute
500 E. Coronado Rd.
Phoenix, AZ 85004-1543
litigation@goldwaterinstitute.org

*Counsel for Amicus Curiae Goldwater Institute*

Jason M. Panzer
Lauren B. Ross
Herring & Panzer, LLP
1411 West Avenue, Suite 100
Austin, TX 78701
jason@herringpanzer.com

*Counsel for Amicus Curiae Texas Legal Ethics Counsel*

Charles "Chad" Baruch
Randy Johnston
Johnston Tobey Baruch, P.C.
P.O. Box 215
Addison, TX 75001
chad@jtlaw.com

*Counsel for Amici Curiae Former Presidents of the State Bar of Texas et al. and Concerned Lawyers of Color*

Macey Reasoner Stokes
J. Mark Little
910 Louisiana Street
Houston, TX 77002
macey.stokes@bakerbotts.com

*Counsel for Amicus Curiae Texas Access to Justice Commission*

March 25, 2019

       */s/ Cameron T. Norris*
       Counsel for Plaintiffs