# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TONY K. MCDONALD, JOSHUA B. HAMMER, and MARK S. PULLIAM, <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL O. SORRELS, et al., <br><br> Defendants. | Civil Action No. 1:19-cv-00219-LY |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

In support of their motion for partial summary judgment on liability (ECF No. 6), Plaintiffs argue that *Keller v. State Bar of California*, 496 U.S. 1 (1990), and *Lathrop v. Donohue*, 367 U.S. 820 (1961), "do not foreclose Plaintiffs' challenge to compelled bar membership in light of the Bar's extensive political and ideological activities" because "[n]othing in either *Keller* or *Lathrop* holds that a state can compel bar membership *when a bar engages in political and ideological activities*." Pls.' Reply in Supp. Mot. for Summ. J. 2-3 (May 31, 2019), ECF No. 63 (emphasis in original). On January 13, 2020, the U.S. District Court for the Eastern District of Louisiana rejected that exact argument in a case involving the Louisiana State Bar Association. *See Boudreaux v. La. State Bar Ass'n*, No. 2:19-cv-11962, slip op. at 53-56 (E.D. La. Jan. 13, 2020).[1]

---

[1] The plaintiff's argument in *Boudreaux* is nearly identical to the Plaintiffs' argument in this case. *Compare* Pl.'s Opp'n to Defs.' Mot. Dismiss at 2, *Boudreaux v. La. State Bar Ass'n*, No. 2:19-cv-11962 (E.D. La. Oct. 25, 2019), ECF. No. 20 ("In *Keller v. State Bar of California*, 496 U.S. 1, 17 (1990), the Court expressly declined to address whether attorneys may 'be compelled to associate with an organization that engages in political or ideological activities beyond those for which mandatory financial support is justified under the principles of *Lathrop* [*v. Donohue,* 367 U.S. 820 (1961)] and *Abood* [*v. Detroit Board of Education*, 431 U.S. 209 (1977)].'"), *with* Pls.' Reply in Supp. Mot. Summ. J. 3 ("[T]he Supreme Court reserved that very question in *Keller*, declining to address 'in the first instance' whether an individual can 'be compelled to associate with an organization that engages in political or ideological activities beyond those for which mandatory

In *Boudreaux*, the district court granted the defendants' motion to dismiss, holding that the plaintiff's claim that mandatory membership in the Louisiana Bar violated his First and Fourteenth Amendment rights to free association and free speech was "foreclosed by the Supreme Court's decisions in *Lathrop* and *Keller*," and that *Janus v. American Federation of State, County, & Municipal Employees*, 138 S. Ct. 2448 (2018), did not overrule those decisions. Slip op. at 54-56. In so holding, the court concluded that the Supreme Court "has already answered the question . . . whether states can condition the right to practice law in the state on membership in the state bar association and the payment of dues . . . in the affirmative." *Id.* at 55. The court's opinion is attached to this notice.

There have been several additional developments in other cases challenging integrated state bars since the Court held oral argument in this case on August 1, 2019.[2] First, after the Eighth Circuit once again affirmed the district court's grant of summary judgment in favor of the State Bar Association of North Dakota in *Fleck v. Wetch*, 937 F.3d 1112 (8th Cir. 2019), the plaintiff filed a petition for a writ of certiorari with the U.S. Supreme Court on November 21, 2019. *See Fleck v. Wetch*, No. 19-670 (U.S.). The certiorari petition is attached. The defendants' response is currently due by February 3, 2020.

Second, on December 11, 2019, the U.S. District Court for the Western District of Wisconsin dismissed a similar case against the State Bar of Wisconsin, concluding that the

---

financial support is justified under the principles of *Lathrop* and *Abood*.'" (quoting *Keller*, 496 U.S. at 17)).

[2] The developments discussed here are not exhaustive. Other cases involving the state bar associations of Oklahoma, Oregon, and Michigan, and Wisconsin also remain pending in federal trial or appellate courts. *See Schell v. Williams*, No. 5:19-cv-00281-HE (W.D. Okla.); *Crowe v. Or. State Bar*, No. 19-35463 (9th Cir.); *Gruber v. Or. State Bar*, No. 19-35470 (9th Cir.); *Taylor v. State Bar of Mich.*, No. 1:19-cv-00670-RJJ-PJG (W.D. Mich.); *File v. Kastner*, No. 2:19-cv-01063-LA (E.D. Wis.).

2

plaintiffs' First Amendment claims were barred by *Keller*.  *See Jarchow v. State Bar of Wis.*, No. 19-CV-266-BBC, 2019 WL 6728258, at \*\*1-2 (W.D. Wis. Dec. 11, 2019).  On December 23, the Seventh Circuit summarily affirmed the district court's decision, holding that the district court "correctly held that the [plaintiffs'] claims are foreclosed by *Keller*."  *Jarchow v. State Bar of Wis.*, No. 19-3444, slip op. at 1 (7th Cir. Dec. 23, 2019).  On December 31, the plaintiffs filed a petition for a writ of certiorari with the Supreme Court.  *See Jarchow v. State Bar of Wis.*, No. 19-831 (U.S.).  The defendants' response is currently due by February 3, 2020.  The opinions of the district court and the Seventh Circuit, as well as the certiorari petition, are attached.

Dated: January 15, 2020

Joshua S. Johnson (admitted *pro hac vice*)
State Bar No. 24070002
Morgan A. Kelley (admitted *pro hac vice*)
State Bar No. 1617261
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6623
Fax: (202) 879-8934
joshjohnson@velaw.com
mkelley@velaw.com

Respectfully submitted,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
State Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
Tel: (214) 220-7792
Fax: (214) 999-7792
tleatherbury@velaw.com

Patrick W. Mizell
State Bar No. 14233980
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
Tel: (713) 758-2932
Fax: (713) 615-5912
pmizell@velaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 15, 2020, I electronically filed the foregoing Notice of Supplemental Authorities with the Clerk of the Court for the U.S. District Court for the Western District of Texas by using the Court's CM/ECF system, which will send notification of such filing to the following:

William S. Consovoy
Jeffrey M. Harris
Cameron T. Norris
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
Fax: (703) 243-9423
will@consovoymccarthy.com
*Counsel for Plaintiffs Tony K. McDonald, Joshua B. Hammer, and Mark S. Pulliam*

Cynthia A. Morales
Office of the Attorney General
P.O. Box 12548, Mail Code 009
Austin, TX 78711
Tel: (512) 936-1414
cynthia.morales@oag.texas.gov
*Counsel for Amicus Curiae Texas Attorney General Ken Paxton*

Matthew R. Miller
Goldwater Institute
500 E. Coronado Rd.
Phoenix, AZ 85004-1543
Tel: (602) 462-500
litigation@goldwaterinstitute.org
*Counsel for Amicus Curiae Goldwater Institute*

Jason M. Panzer
Lauren B. Ross
Herring & Panzer, LLP
1411 West Avenue, Suite 100
Austin, TX 78701
Tel: (512) 320-0665
Fax: (512) 519-7580
jason@herringpanzer.com
*Counsel for Amicus Curiae Texas Legal Ethics Counsel*

Charles "Chad" Baruch
Randy Johnston
Johnston Tobey Baruch, P.C.
P.O. Box 215
Addison, TX 75001
Tel: (214) 741-6260
Fax: (214) 741-6248
chad@jtlaw.com
*Counsel for Amici Curiae Former Presidents of the State Bar of Texas et al.*
*Counsel for Amici Curiae Concerned Lawyers of Color*

Macey Reasoner Stokes
J. Mark Little
910 Louisiana Street
Houston, TX 77002
Tel: (713) 229-1369
Fax: (713) 229-7869
macey.stokes@bakerbotts.com
*Counsel for Amicus Curiae Texas Access to Justice Commission*

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
*Counsel for Defendants*