## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

TONY K. MCDONALD, JOSHUA B.
HAMMER, and MARK S. PULLIAM,

        Plaintiffs,

   v.

RANDALL O. SORRELS, et al.,

        Defendants.

Civil Action No. 1:19-cv-00219-LY

### STATEMENT OF AMENDMENTS TO STATE BAR RULES AND STATE BAR OF TEXAS BOARD OF DIRECTORS POLICY MANUAL APPROVED AT THE SEPTEMBER 24 STATE BAR OF TEXAS BOARD OF DIRECTORS MEETING

Pursuant to the Court's directive at the August 30, 2021 status conference, Defendants file this statement summarizing the State Bar of Texas Board of Directors' September 24, 2021 action regarding amendments to the Bar's rules and policies in response to the U.S. Court of Appeals for the Fifth Circuit's decision:

I.      **Background**

1.      The Fifth Circuit vacated the grant of summary judgment to Defendants, rendered partial summary judgment for Plaintiffs on liability, rendered a "preliminary injunction preventing the Bar from requiring the plaintiffs to join or pay dues pending completion of the remedies phase" before this Court, and remanded to this Court for further proceedings on remedies. *McDonald v. Longley*, 4 F.4th 229, 255 (5th Cir. 2021).

2.      The Fifth Circuit stated that the Bar could remedy any violations of Plaintiffs' First Amendment rights by not "engaging in non-germane activities," in accordance with the guidance provided in the Fifth Circuit's decision, and by amending its procedures to ensure that Bar

1

members receive adequate notice of, and opportunity to object to, potentially non-germane expenditures.  *Id.* at 252-54.

3.      On August 27, 2021, the Supreme Court of Texas entered an order extending the deadline for Texas lawyers to pay their 2021 membership fees to October 31, 2021.  *See* Forty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 21-9096 (Tex. Aug. 27, 2021), https://bit.ly/3u7TXNw.

4.      On August 30, 2021, this Court directed Defendants to file by September 30 a statement summarizing the action taken at the September 24 Bar Board meeting.

5.      At its September 24 meeting, the State Bar Board approved amendments to the State Bar of Texas Board of Directors Policy Manual ("Policy Manual") in response to the Fifth Circuit's decision.  *See* Video of September 24, 2021 Board of Directors Meeting at 4:23:00-:45, YouTube (Sept. 24, 2021), https://www.youtube.com/watch?v=lzVBsNXTZ8w.  The Bar Board also approved proposed amendments to the Texas State Bar Rules in response to the decision.[*] *Id.* The Bar is petitioning the Texas Supreme Court to adopt those amendments to the Rules.  (Unlike the Policy Manual, which the Bar Board can amend directly, *see* Policy Manual §§ 1.22.01-.02, the State Bar Rules can only be amended by the Texas Supreme Court, *see* Tex. Gov't Code Ann. § 81.024; State Bar R. art. VI.)

6.      A copy of the amendments to the relevant State Bar Rules and Policy Manual provisions approved at the September 24 Bar Board meeting is attached as Exhibit A.  A clean copy of the Policy Manual that includes the amendments approved at the September 24 Bar Board

---

[*] One member of the Board of Directors, Steve Fischer, voted against the proposed amendments to the Policy Manual and State Bar Rules.

meeting is attached as Exhibit B.  A copy of the current State Bar Rules, which were last amended in March 2020, is attached as Exhibit C and is also available at https://bit.ly/3nRm2aQ.

7.    The Bar is in the process of publicizing the Board's action at the September 24 meeting via an email to Bar members and through the State Bar's website, on which a copy of this filing will be posted.

## II.    Proposed Amendments to the State Bar Rules – Count I of Plaintiffs' Complaint

8.    The Fifth Circuit concluded that mandating Plaintiffs' membership in the State Bar "burdens [their] First Amendment right to freedom of association" because "part of [the Bar's] expressive message is that its members stand behind its expression." *McDonald*, 4 F.4th at 245-46.  According to the Fifth Circuit, "[c]ompelling membership . . . compels support of [the Bar's] message." *Id.* at 246.

9.    To address that issue, the State Bar Board approved three proposed amendments to the State Bar Rules, and the Bar is petitioning the Texas Supreme Court to adopt those amendments.  One amendment would provide:  "In no event shall a public representative of the State Bar or its sections or committees purport to speak on behalf of all State Bar members or to represent that all State Bar members support the message that the representative is conveying."  Ex. A at 1 (proposed State Bar R. art. II, § 13).  The other two amendments would clarify that, in accordance with Tex. Gov't Code Ann. § 81.051, the term "member" of the Bar is a term of art meaning "a person licensed to practice law in Texas," and the term "enrollment" in the Bar is a term of art referring to "the act of registering with the [Texas Supreme Court] Clerk as a person licensed to practice law in Texas." *Id*. (proposed State Bar R. art. I, §§ 13-14).

10.    Consistent with those proposed changes to the State Bar Rules, the State Bar will post prominently on the "About Texas Bar" page of its website language conveying the following points:  (1) the State Bar of Texas is a public corporation and an administrative agency of the

judicial department of the Texas government; (2) the phrase "member of the Bar" means a person

licensed to practice law in Texas; and (3) the State Bar does not purport to speak on behalf of all

persons licensed to practice law in Texas.  *See id.* at 5-6.

**III.    Amendments to Policy Manual §§ 3.02.04(D), 3.14.01, 3.14.05, 4.04.15, 5.01.03(B)(8), 5.01.04(B)(4), 5.01.06, 5.04.05(E) – Counts I and II of Plaintiffs' Complaint**

11.    The Fifth Circuit held that "[c]ompelled membership in a bar association that is

engaged in only germane activities survives [exacting] scrutiny."  *McDonald*, 4 F.4th at 246.  The

court explained that, under the Supreme Court's decision in *Keller v. State Bar of California*, 496

U.S. 1 (1990), "[f]or activities to be germane, they must be 'necessarily or reasonably incurred

for' " the purpose of "regulating the legal profession" or "improving the quality of legal services."

*Id.* at 247 (quoting *Keller*, 496 U.S. at 13-14).  The court's decision provides additional guidance

regarding the proper application of that standard by applying it to the Bar activities Plaintiffs have

challenged in this case.  *See id.* at 247-52.

12.    To ensure that the State Bar "engage[s] in only germane activities" moving forward,

*id.* at 246, the Bar Board approved an amendment specifically requiring the State Bar Board

Budget Committee to review the items in the Bar's proposed annual budget "to identify any

expenditures that may be non-chargeable to members" under *Keller* and *McDonald*, and to

"remove [non-chargeable] expenditure[s] from the proposed budget."  Ex. A at 2 (Policy Manual

§ 3.02.04(D)).  To make clear that the Bar's future activities must comply with the Fifth Circuit's

guidance on the *Keller* standard in *McDonald*, the Board also approved amendments to the Policy

Manual that add references to the Fifth Circuit's *McDonald* decision where there were already

references to *Keller*.  *See id.* at 2-5 (Policy Manual §§ 3.14.01, 3.14.05, 4.04.15, 5.01.03(B)(8),

5.01.04(B)(4), 5.01.06, 5.04.05(E)).

IV.    **Amendments to Policy Manual §§ 7.02.04, 8.01.03(G), 8.01.06(C)(6), 8.01.11, 8.02.02(A)(5), 8.02.02(C) – Counts I and II of Plaintiffs' Complaint**

13.    The Fifth Circuit held that certain components of the Bar's 2019 legislative program, as well as the Bar's funding of certain prior legislative activities of the Texas Access to Justice Commission ("AJC"), were non-germane.  *McDonald*, 4 F.4th at 247-49, 251.  The Fifth Circuit, however, explained that the Bar and AJC *may* take positions on legislative proposals that relate to "regulating the legal profession or improving the quality of legal services"—including proposals that relate to "the functioning of the state's courts," "the jurisdiction, procedure and practice of the Federal courts and other Federal tribunals," "the functioning of the . . . legal system writ large," and "laws governing the activities of lawyers *qua* lawyers."  *Id.* at 247-48 & n.23 (citation omitted); *see also id.* at 251 n.35 (upholding as germane the Bar's financial support of the AJC's "lobbying for funding for civil legal services, creating *pro bono* opportunities for law students, and providing training for attorneys," as well as the AJC's "efforts to help the Supreme Court of Texas make Texas courts more [accessible] and navigable to low-income Texans" and to "creat[e] 'pro se forms and toolkits' ").

14.    Accordingly, the Bar Board approved amendments to the Policy Manual that strictly limit the types of legislation on which the Bar may take a position and the matters in which the Bar may file amicus briefs.  The amendments limit such Bar legislative and amicus activities to those that "address[] the State Bar, the regulation of lawyers, the functioning of state or federal courts, or the functioning of the legal system."   Ex. A at 5 (Policy Manual §§ 8.01.03(G), 8.01.06(C)(6), 8.02.02(A)(5)); *see also id.* (amending Policy Manual § 8.01.11 to remove language purporting to authorize "[a] section" to advocate positions to its membership or its council members "without complying with . . . the provisions of this policy"); *id.* (deleting Policy Manual § 8.02.02(C) in light of the more specific mandate now contained in the new § 8.02.02(A)(5)).

The Bar Board also approved an amendment to the Policy Manual expressly providing that the AJC's legislative activities shall be subject to the State Bar's review for compliance with *Keller* and *McDonald*. *See id.* (Policy Manual § 7.02.04).

15.     Finally, Defendants have submitted as Exhibit D a Statement of Intent by the AJC. The AJC states that "all of the Commission's work, including its legislative program, will fully comply with the standards announced in *Keller* and *McDonald*." Ex. D.  The AJC further states that in deciding whether to take a position on proposed legislation or initiate any legislative action, the AJC will apply a standard "consistent with that set forth" in the newly amended Policy Manual section 8.01.03(G)—i.e., the proposed legislation must "address[] the State Bar, the regulation of lawyers, the functioning of state or federal courts, or the functioning of the legal system." *Id.*  The AJC also acknowledges that its "legislative activities shall be subject to the State Bar's review for compliance" with *Keller* and *McDonald*. *Id.*

**V.  Amendments to Policy Manual §§ 3.02.01-3.02.02 – Count III of Plaintiffs' Complaint**

16.     Regarding Plaintiffs' Count III claim challenging the Bar's notice and objection procedures, the Fifth Circuit concluded that the Bar failed to provide "an adequate explanation of the basis for the [Bar membership] fee" in accordance with *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 310 (1986), because the Bar failed to "furnish Texas attorneys with meaningful notice regarding how their dues will be spent" and a "breakdown of where their fees go." *McDonald*, 4 F.4th at 253-54.

17.     To address that issue, the Bar Board approved amendments to the Policy Manual that require the Bar Board to approve and publish on the State Bar's website, in conjunction with the proposed annual budget:  (1) "a notice containing a breakdown of expenditures presented by major expense category," and (2) "a notice estimating the amount of membership dues to be devoted to each major category of expenses."  Ex. A at 1 (Policy Manual §§ 3.02.01-.02).  An

6

example showing the format that the Bar currently plans to use to satisfy both of those requirements is attached as Exhibit E.  For illustration purposes, the example uses figures from the Bar's 2021-2022 budget because the 2022-2023 budget has not yet been prepared.  The example shows the amount of membership dues allocated to each major expense category.  Going forward, the State Bar will have its independent financial auditor review the membership dues allocation notice each year before its publication on the State Bar's website.

18.     The Policy Manual amendments approved by the Bar Board also call for "[a]dditional budget category detail [to] be posted on the State Bar website."  Ex. A at 1 (Policy Manual § 3.02.01).  For illustration purposes, an example of the format in which "additional budget category detail" may be provided—here, for the major expense category of "Chief Disciplinary Counsel" (*see* Ex. E at 2)—is attached as Exhibit F.

19.     The amendments further require the Bar to provide notice to Bar members that the proposed budget, expenditure breakdown, and dues allocation are available on the State Bar's website by publishing such notice in the *Texas Bar Journal*, and by providing such notice to members in conjunction with the State Bar's annual membership dues notice.  *See* Ex. A at 1 (Policy Manual § 3.02.02).

## VI.     Amendments to Policy Manual §§ 3.14.01-3.14.05 – Count III of Plaintiffs' Complaint

20.     The Fifth Circuit held that the Bar's procedures for members to object to potentially non-germane Bar expenditures and receive a *pro rata* refund of Bar dues were "constitutionally inadequate" because the decision whether to furnish a refund was "left to the sole discretion of the Bar's Executive Director."  *McDonald*, 4 F.4th at 254; *see also id.* at 253 (noting that *Hudson* requires "a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker" (quoting 475 U.S. at 310)).  The Fifth Circuit also held that the Bar had to comply

7

with *Hudson*'s requirement that it provide "an escrow for the amounts reasonably in dispute" while a member's objection is pending. *Id.* at 253 (quoting 475 U.S. at 310).

21.     In response, the State Bar Board approved amendments to the Policy Manual that provide for an impartial decisionmaker to decide the member's objection and require the Executive Director to place the amount of funds reasonably at issue in an escrow account pending the resolution of the member's objection by the impartial decisionmaker. *See* Ex. A at 2-4 (Policy Manual §§ 3.14.01-.05).

22.     Specifically, the amendments provide that if a Bar member has a "reasonable belief that any actual or proposed expenditure" is non-chargeable to members, the member may "fil[e] a written objection with the Executive Director" using a form available on the State Bar's website. Ex. A at 2 (Policy Manual §§ 3.14.01-.02). A copy of the "State Bar Fees Objection Form" to be used by members to file objections is attached as Exhibit G.

23.     Under the amendments, the Executive Director has a limited, 60-day period to review the objection. Ex. A at 2 (Policy Manual § 3.14.03(A)). During that period, the Executive Director may attempt to resolve the objection by refunding a *pro rata* portion of the member's dues, plus interest. *Id.* Alternatively, the Executive Director may reject the objection. *Id.*

24.     The amendments further provide that an objecting member may contest the Executive Director's determination of the objection and have the objection heard by an impartial decisionmaker who is not affiliated with, or selected by, the Bar. Ex. A at 2-3 (Policy Manual § 3.14.03(B)-(E)). Specifically, if the objecting member provides notification within 30 calendar days that the objecting member contests the Executive Director's determination, then the Executive Director shall "submit the member's objection to the Presiding Judge of the administrative judicial region covering Travis County, who shall appoint a retired, senior, or

8

former judge as the impartial decisionmaker to decide the objection, unless the Executive Director and the member agree to a different procedure for selecting the impartial decisionmaker."  Ex. A at 2-3 (Policy Manual § 3.14.03(B)-(C)).  The impartial decisionmaker must then "promptly and efficiently decide the matter," applying the standards set forth in *Keller* and *McDonald*.  *Id.* at 3 (Policy Manual § 3.14.03(D)).  If the impartial decisionmaker "determines that the objecting member is entitled to a refund, the State Bar shall promptly refund the *pro rata* portion of the member's dues that is attributable to the expenditure, plus interest, to the objecting member."  *Id.*

25.     Finally, the amendments provide that if the objecting member timely contests the Executive Director's determination of the objection, the Executive Director shall "determine the *pro rata* amount of the objecting member's dues reasonably at issue," and place that amount "in an escrow account . . . pending the resolution of the member's objection by the impartial decisionmaker."  *Id.* (Policy Manual § 3.14.03(C)).

\*     \*     \*

The Bar recognizes that, as it implements the amendments discussed above, further changes to its rules and policies might prove to be warranted.  Defendants thus respectfully request that the Court provide in any final order in this matter that further amendments to the Policy Manual or the State Bar Rules may be made in accordance with the then-existing provisions governing such amendments, provided that the amendments are not inconsistent with the State Bar's obligations under *Keller v. State Bar of California*, 496 U.S. 1 (1990), and its progeny, including *McDonald v. Longley*, 4 F.4th 229 (5th Cir. 2021).

Pursuant to the Court's directions at the August 30 status conference, Defendants will confer with Plaintiffs on whether the parties can reach an agreement to resolve this case in light of

the Board's action.  If the parties cannot reach an agreement, they will contact the Court's clerk to

schedule a telephone conference with the Court.

Dated: September 30, 2021                         Respectfully submitted,

                                                  */s/ Thomas S. Leatherbury*

Joshua S. Johnson (admitted *pro hac vice*)       Thomas S. Leatherbury
State Bar No. 24070002                            State Bar No. 12095275
Morgan A. Kelley (admitted *pro hac vice*)        VINSON & ELKINS LLP
State Bar No. 1617261                             2001 Ross Avenue
VINSON & ELKINS LLP                               Suite 3900
2200 Pennsylvania Avenue NW                       Dallas, TX 75201
Suite 500 West                                    Tel: (214) 220-7792
Washington, DC 20037                              Fax: (214) 999-7792
Tel: (202) 639-6623                               tleatherbury@velaw.com
Fax: (202) 879-8934
joshjohnson@velaw.com                             Patrick W. Mizell
mkelley@velaw.com                                 State Bar No. 14233980
                                                  VINSON & ELKINS LLP
                                                  1001 Fannin Street
                                                  Suite 2500
                                                  Houston, TX 77002
                                                  Tel: (713) 758-2932
                                                  Fax: (713) 615-5912
                                                  pmizell@velaw.com

                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 30, 2021, I electronically filed the foregoing statement and accompanying exhibits with the Clerk of the Court for the U.S. District Court for the Western District of Texas by using the Court's CM/ECF system, which will send notification of such filing to the following:

William S. Consovoy
Jeffrey M. Harris
Cameron T. Norris
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
Fax: (703) 243-9423
will@consovoymccarthy.com
*Counsel for Plaintiffs Tony K. McDonald,*
*Joshua B. Hammer, and Mark S. Pulliam*

Cynthia A. Morales
Office of the Attorney General
P.O. Box 12548, Mail Code 009
Austin, TX 78711
Tel: (512) 936-1414
cynthia.morales@oag.texas.gov
*Counsel for Amicus Curiae Texas Attorney*
*General Ken Paxton*

Matthew R. Miller
Goldwater Institute
500 E. Coronado Rd.
Phoenix, AZ 85004-1543
Tel: (602) 462-500
litigation@goldwaterinstitute.org
*Counsel for Amicus Curiae Goldwater*
*Institute*

Jason M. Panzer
Lauren B. Ross
Herring & Panzer, LLP
1411 West Avenue, Suite 100
Austin, TX 78701
Tel: (512) 320-0665
Fax: (512) 519-7580
jason@herringpanzer.com
*Counsel for Amicus Curiae Texas Legal*
*Ethics Counsel*

Charles "Chad" Baruch
Randy Johnston
Johnston Tobey Baruch, P.C.
P.O. Box 215
Addison, TX 75001
Tel: (214) 741-6260
Fax: (214) 741-6248
chad@jtlaw.com
*Counsel for Amici Curiae Former Presidents*
*of the State Bar of Texas et al. and Amici*
*Curiae Concerned Lawyers of Color*

Macey Reasoner Stokes
J. Mark Little
910 Louisiana Street
Houston, TX 77002
Tel: (713) 229-1369
Fax: (713) 229-7869
macey.stokes@bakerbotts.com
*Counsel for Amicus Curiae Texas Access to*
*Justice Commission*

Dated: September 30, 2021

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
*Counsel for Defendants*